# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| SHERYL SILBERMAN,<br>                    Appellant, | DOCKET NUMBER<br>CH-0752-13-0289-I-1 |
| v. | |
| DEPARTMENT OF THE TREASURY,<br>                    Agency. | DATE: March 2, 2015 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Rebecca L. Salawdeh, Esquire, Wauwatosa, Wisconsin, for the appellant.

Russ Eisenstein, Esquire, Chicago, Illinois, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which sustained her 15-day suspension.  Generally, we grant petitions such as this one only when:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  See 5 C.F.R. § 1201.117(c).

the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. We MODIFY the initial decision to supplement the administrative judge's penalty analysis, but we agree with the administrative judge that the agency's penalty did not exceed the bounds of reasonableness. Except as expressly modified by this Final Order, we AFFIRM the initial decision.

## BACKGROUND

¶2      Effective September 5, 2012, the agency suspended the appellant for 15 days from her GS-11 Revenue Agent position within the Internal Revenue Service (IRS) based on the following three charges: (1) making false statements in matters of official interest (22 specifications); (2) misuse of government property (22 specifications); and (3) inappropriately disclosing taxpayer information to coworkers (1 specification). Initial Appeal File (IAF), Tab 1 at 12-20, 26-28, Tab 7, Subtab 4d. The first two charges were based on the appellant's conduct over an approximately 1-year time period during which she allegedly used her government-owned computer during work hours for nonwork-related activity and failed to properly account for these nonwork time periods on her Examiner's Time Input Documents (EITD). IAF, Tab 1 at 12-18. The third charge was based on an incident where the appellant allegedly disclosed taxpayer information to two coworkers who did not have a need to know such information. *Id.* at 19.

¶3        The appellant appealed her suspension to the Board and requested a hearing. *Id.* at 1-11. She disputed all three charges and the reasonableness of her 15-day suspension. IAF, Tab 32 at 15-28, 41-45. She also raised the affirmative defenses of retaliation for protected equal employment opportunity (EEO) activity and harmful procedural error.[2] *Id.* at 28-41; *see* IAF, Tab 28 at 2-3.

¶4        After holding a hearing, the administrative judge issued an initial decision affirming the appellant's suspension. IAF, Tab 34, Initial Decision (ID) at 2, 35. The administrative judge sustained all three charges, found a nexus between the sustained misconduct and the efficiency of the service, and determined that the penalty was within the bounds of reasonableness. ID at 2-18, 34-35. Additionally, she found that the appellant failed to prove her affirmative defenses. ID at 18-33.

¶5        The appellant has filed a petition for review of the initial decision. Petition for Review (PFR) File, Tab 1. The agency has filed a response in opposition to the appellant's petition for review. PFR File, Tab 4. The appellant has filed a reply to the agency's response. PFR File, Tab 5.

## DISCUSSION OF ARGUMENTS ON REVIEW

The administrative judge correctly found that the agency proved the charge of making false statements in matters of official interest.

¶6        The agency charged the appellant with 22 specifications of making false statements in matters of official interest. IAF, Tab 1 at 12-16. In sustaining all 22 specifications of the charge, the administrative judge considered the hearing testimony of the appellant, the appellant's supervisor, the deciding official, and the agency investigator. ID at 3-6, 8-10. The administrative judge also considered the appellant's oral reply to the proposed suspension and the Treasury Inspector General for Tax Administration (TIGTA) report of investigation (ROI).

---

[2] Although the appellant claimed discrimination based on her age and sex on the initial appeal form, she later decided not to raise such claims. IAF, Tab 1 at 8; *see* IAF, Tab 28 at 2.

4

ID at 6-11. Based on the record evidence and testimony, the administrative judge found that the appellant "intentionally made misrepresentations with reckless disregard for the truth." ID at 11.

¶7    In her petition for review, the appellant reiterates her argument that the agency failed to prove that she had the requisite intent to sustain the falsification charge. PFR File, Tab 1 at 9-14, Tab 5 at 7-9; *see* IAF, Tab 32 at 22-25. Specifically, she argues that she lacked the intent to defraud the agency because "she believed that [the disputed hours] balanced out and that she did actually perform work for the Agency for the full time reported on her time sheets" by working at home on evenings and weekends. PFR File, Tab 1 at 11. We do not find the appellant's argument persuasive. Even assuming that she worked the disputed hours at home, she still demonstrated a reckless disregard for the truth by not properly accounting for her time on her EITDs, which would be sufficient to sustain the charge. *See* ID at 3, 5-6; *Reid v. Department of the Navy*, 118 M.S.P.R. 396, ¶ 11 (2012). She also benefited by making false statements because she was paid for time during which she conducted nonwork-related activity. *See infra* ¶¶ 8-10; *see also Leatherbury v. Department of the Army*, 524 F.3d 1293, 1300 (Fed. Cir. 2008). She thus fails to provide on review a reason to disturb the administrative judge's determination that the agency proved all 22 specifications of the falsification charge. *See Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 105-06 (1997) (finding no reason to disturb the administrative judge's findings when the administrative judge considered the evidence as a whole, drew appropriate references, and made reasoned conclusions).

The administrative judge correctly found that the agency proved the charge of misuse of government property.

¶8    The agency charged the appellant with 22 specifications of misuse of government property. IAF, Tab 1 at 17-18. In finding that the agency proved all 22 specifications of this charge, the administrative judge considered the testimony

of the deciding official, the appellant's supervisor, and the appellant, her training history, and the ROI. ID at 12-14.

¶9    In her petition for review, the appellant reiterates her claim that she used her computer for work-related reasons during a portion of the times described in specifications 2, 14, 16, 17, and 19 of the misuse of government property charge. PFR File, Tab 1 at 6, 8-9, Tab 5 at 5-7; *see* IAF, Tab 32 at 17-20. She also repeats her claim that the agency failed to provide any support for specifications 4 and 20. PFR File, Tab 1 at 7-9, Tab 5 at 6-7; *see* IAF, Tab 32 at 20-21. In order to prove this charge, the agency must show that the appellant used the government property as charged, and that such use was improper or unauthorized, regardless of whether the misuse was intentional. *See Rogers v. Department of Justice*, 60 M.S.P.R. 377, 388-89 (1994).

¶10    We agree with the administrative judge that the agency proved the charge of misuse of government property. The ROI clearly shows that the appellant conducted an approximate amount of nonwork-related activity during each of the times described in the contested specifications. *See* IAF, Tab 7, Subtab 4c at 1178-79, 1182-83. Even assuming that the agency did not prove the contested specifications by a preponderance of the evidence, the appellant has not disputed the remaining 15 specifications, and we would still sustain the overall charge. *See Burroughs v. Department of the Army*, 918 F.2d 170, 172 (Fed. Cir. 1990) (where more than one event or factual specification supports a single charge, proof of one or more, but not all, of the supporting specifications is sufficient to sustain the charge).

The administrative judge correctly found that the agency proved the charge of inappropriately disclosing taxpayer information to coworkers.

¶11    The agency charged the appellant with one specification of inappropriately disclosing taxpayer information to coworkers. IAF, Tab 1 at 19. In sustaining this charge, the administrative judge considered the testimony of the agency investigator, the appellant's supervisor, and the appellant, her training record, the

ROI, the appellant's oral reply to the proposed suspension, and a personnel alert. ID at 14-17. The appellant reasserts on review that it was the common practice in the office to share taxpayer information with coworkers. PFR File, Tab 1 at 17-18, Tab 5 at 9-11; *see* IAF, Tab 32 at 26-27. The administrative judge considered this argument but found it inherently improbable and unpersuasive. ID at 16-17. The appellant has provided no reason to disturb the administrative judge's finding, and we agree with the administrative judge that the agency proved this charge for the reasons explained in the initial decision. *See Crosby*, 74 M.S.P.R. at 105-06.

The appellant fails to provide a sufficiently sound reason to overturn the administrative judge's credibility determinations.

¶12     The appellant challenges the administrative judge's credibility determinations, which she made based on the testimony of the appellant, her supervisor, the deciding official, and the proposing official. PFR File, Tab 1 at 4-19, 26, Tab 5 at 4-11; *see* ID at 7-10, 12-16, 24, 28-29. The Board must give deference to an administrative judge's credibility determinations when they are based, explicitly or implicitly, on the observation of the demeanor of witnesses testifying at a hearing; the Board may overturn such determinations only when it has "sufficiently sound" reasons for doing so. *Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002). We find that the appellant has not provided any sufficiently sound reason on review to overturn the administrative judge's credibility determinations.

¶13     Specifically, the appellant alleges that the testimony of her supervisor, the proposing official, and the deciding official are not credible because of their respective bias and retaliatory motive against her. PFR File, Tab 1 at 5, 13-16, Tab 5 at 10-11. As explained in more detail in our discussion of the appellant's EEO retaliation claim, *see infra* ¶¶ 19-23, we find that she did not establish that these individuals were biased because of their alleged retaliatory motives against her.

¶14      Further, the appellant argues that the administrative judge improperly ignored and discredited her testimony for being inconsistent, too general, uncorroborated, self-serving, and inherently improbable. PFR File, Tab 1 at 5-8, 10-12, 17-18, Tab 5 at 5-8, 10; *see* ID at 8-11, 13-14, 16. She points to her coworker's interview with TIGTA as evidence corroborating her own testimony. PFR File, Tab 1 at 11-12, Tab 5 at 8; *see* IAF, Tab 7, Subtab 4c at 1259-60. However, the coworker's TIGTA interview was part of the record and the appellant does not show that the administrative judge erroneously discounted such evidence. *See Marques v. Department of Health & Human Services*, 22 M.S.P.R. 129, 132 (1984) (the administrative judge's failure to mention all of the evidence of record does not mean that she did not consider it in reaching her decision), *aff'd*, 776 F.2d 1062 (Fed. Cir. 1985) (Table). The appellant also does not establish how her coworker's interview supports her testimony because it does not discuss events within the time period relevant to this appeal. *See* IAF, Tab 7, Subtab 4c at 1259-60. The appellant's general disagreement with the administrative judge's credibility determinations does not provide a sufficiently sound reason to overturn them.

The appellant fails to establish that she was harmed by the agency's alleged delay in taking the action.

¶15      On review, the appellant reiterates her argument that she was unduly prejudiced by the agency's delay from the time the misconduct occurred (January 2009 through January 2010) until she was actually suspended in September 2012. PFR File, Tab 1 at 6-7, Tab 5 at 6; *see* IAF, Tab 7, Subtab 4d, Tab 32 at 45-49. We find that the agency did not cause prejudicial delay. The appellant's suspension may not be sustained if she shows harmful error in the application of the agency's procedures in arriving at its decision to suspend her. 5 U.S.C. § 7701(c)(2)(A); *see Helms v. Department of the Army*, 114 M.S.P.R. 447, ¶ 6 (2010). A delay in investigating allegations or initiating disciplinary action against an employee may constitute procedural error if a law, regulation, or

agency policy requires that allegations be investigated and/or disciplinary action be proposed or taken within a certain time period. *See Salter v. Department of the Treasury*, 92 M.S.P.R. 355, ¶¶ 7-9 (2002). The appellant bears the burden of proof to show harmful error by the agency in effecting an adverse action. *Helms*, 114 M.S.P.R. 447, ¶ 6; 5 C.F.R. § 1201.56(c)(3). An agency's procedural error is harmful if it is likely to have caused the agency to reach a conclusion different from the one it would have reached in the absence or cure of the error. 5 C.F.R. § 1201.56(c)(3).

¶16    Here, the agency proposed the appellant's suspension in November 2011 based on misconduct that allegedly occurred from January 2009 through January 2010. IAF, Tab 1 at 12-20. In her closing brief, the appellant cited to Article 39, Section 1(H) of the National Agreement II, which states that an investigation of an employee should be completed "in as timely a manner as is practicable" and that adverse actions "will also be administered as timely as possible." IAF, Tab 32 at 45; *see* IAF, Tab 29, Hearing Exhibit (Ex.) 1 at 109. Even assuming that the agency's delay in effecting the suspension violated the National Agreement II, the appellant has not shown that such delay caused harm, i.e., that the agency likely would not have suspended her in the absence or cure of the delay. *See* 5 C.F.R. § 1201.56(c)(3); *see, e.g.*, *Cambridge v. Department of Justice*, 111 M.S.P.R. 152, ¶ 11 (2009) (the harmful error standard applies to alleged violations of a collective bargaining agreement); *Social Security Administration v. Carr*, 78 M.S.P.R. 313, 330-32 (1998) (finding that the appellant was not prejudiced by the agency's delay in bringing an action even if her memory had faded), *aff'd*, 185 F.3d 1318 (Fed. Cir. 1999). Therefore, the appellant fails to establish that the agency committed harmful error by a delay in effecting her suspension.

¶17    The Board has also considered "stale charge" claims as raising the equitable defense of laches, which bars an action when an unreasonable delay in bringing the action has prejudiced the subject of the action. *Salter*, 92 M.S.P.R. 355, ¶ 10.

The party asserting laches must prove both unreasonable delay and prejudice. *Id*. The appellant has not shown that any delay was unreasonable.[3] Her general claims that the agency's delay harmed her ability to defend herself because she and the witnesses had difficulty remembering details regarding her case do not establish that the delay was prejudicial. *See* IAF, Tab 32 at 45-49; *see, e.g.*, *Social Security Administration v. Carr*, 78 M.S.P.R. at 330-32.[4] Accordingly, she has not proved the equitable defense of laches.

The appellant failed to prove that the agency erred by not following negotiated procedures regarding alternative discipline.

¶18  The appellant asserts that the agency violated Article 38, Section 2(E)-(F)(1) of the National Agreement II by initiating an adverse action, the proposed 30-day suspension, instead of the "traditional" discipline of a 5-day suspension considered in the alternative discipline notice. PFR File, Tab 1 at 23-26, Tab 5 at 13-15; *see* IAF, Tab 7, Subtab 4m, Tab 29, Ex. 1 at 105. However, the agency was not obligated to propose the 5-day suspension in

[3] The appellant's supervisor testified that he did not believe he had an obligation to inform the appellant of the TIGTA investigation, which commenced in June 2009. Hearing Transcript (HT) at 209; *see* ID at 22; IAF, Tab 7, Subtab 4c at 707. The investigator completed interviews with the appellant and other witnesses by April 2010. *See, e.g.*, IAF, Tab 7, Subtab 4c at 735-40. After the TIGTA investigation was completed in January 2011, IAF, Tab 7, Subtab 4c at 707-08, the proposing official proposed alternative discipline in June 2011, IAF, Tab 7, Subtab 4m, and the appellant rejected the alternative discipline offer in June 2011, *see* IAF, Tab 1 at 36. After the proposing official proposed the 30-day suspension in November 2011, IAF, Tab 1 at 12-20, the appellant did not provide her written reply until February 2012 and her oral reply in March 2012, IAF, Tab 7, Subtabs 4h-4i. Part of the delay was caused by the appellant's multiple requests for additional time to respond to the proposed suspension. IAF, Tab 7, Subtab 4j. The deciding official issued the decision letter in August 2012. IAF, Tab 1 at 26-28.

[4] The appellant argues for the first time on review that she was unable to provide specific evidence of her work-related activity because her apartment building was destroyed by a fire in May 2013 and because IRS regulations require audit records to be returned to the taxpayer or shredded after the completion of an audit. PFR File, Tab 1 at 6. Because she failed to raise these arguments below and has not shown that evidence of such conditions was unavailable despite due diligence when the record closed, the Board will not address these claims further. *See* 5 C.F.R. § 1201.115(d).

accordance with Section 2(F)(1) because the appellant never requested consideration of the alternative discipline option and there was never a meeting on the subject between the agency and the appellant. *See* IAF, Tab 1 at 36, Tab 29, Ex. 1 at 105. Thus, we agree with the administrative judge's finding that the agency did not breach the collective bargaining agreement because the appellant declined the agency's offer of alternative discipline. *See* ID at 33.

The appellant failed to prove her affirmative defense of retaliation for protected EEO activity.

¶19     The appellant reiterates on review her affirmative defense of retaliation for protected EEO activity. PFR File, Tab 1 at 19-23, Tab 5 at 11-13; *see* IAF, Tab 32 at 37-41. In order to meet her ultimate burden of proof on retaliation for EEO activity, the appellant must establish not only that she engaged in protected activity and that the accused official was aware of that activity but also that there is a "genuine nexus" between the alleged retaliatory motive and the adverse action. *Rhee v. Department of the Treasury*, 117 M.S.P.R. 640, ¶ 26 (2012). To establish a genuine nexus, the appellant must show that the action was taken because of the protected activity. *Id.* This requires the Board to weigh the severity of the appellant's alleged misconduct against the intensity of the agency's motive to retaliate. *Id.*

¶20     The appellant contends that her supervisor demonstrated retaliatory intent by reporting to TIGTA his observation of her nonwork-related use of government equipment, by imposing a performance improvement plan (PIP) on her, and by making "derisive comments" about her EEO complaint. PFR File, Tab 1 at 13-16, 18-21, 23, Tab 5 at 10-13. To support her argument that her supervisor initiated the TIGTA investigation in retaliation for protected EEO activity, the appellant cites to *Rhee*. PFR File, Tab 1 at 13, 15-16, Tab 5 at 10. In *Rhee*, the Board found that the supervisor's "referral and repeated inquiries" to TIGTA and "prior discipline of the appellant" demonstrated a "pattern of retaliation" against her for her protected activities. *Rhee*, 117 M.S.P.R. 640, ¶¶ 36-37. Specifically, the

supervisor in *Rhee* spurred an investigation by referring an email exchange to TIGTA and then by contacting the TIGTA Office of Chief Counsel after TIGTA initially decided not to investigate the alleged misconduct. *Id.*, ¶¶ 2-4. In contrast, the supervisor here made an initial report to TIGTA, which then independently decided to conduct an investigation. *See* HT at 8-10; *see also* ID at 28. A retaliatory investigation claim should be considered in determining the strength of the agency's evidence supporting the agency's action. *Rhee*, 117 M.S.P.R. 640, ¶ 31. In making this determination, the Board looks at the investigation's origins and the reason the matter was referred for investigation. *Id.* Here, the administrative judge found that the supervisor credibly testified that he believed it was his responsibility to report to TIGTA what he believed could be fraud, waste, and abuse. ID at 28; *see* HT at 242-44. Therefore, we agree that the appellant failed to prove that the investigation was referred for retaliatory reasons. *See* ID at 27-28.

¶21      The administrative judge also addressed the appellant's argument that her placement on a PIP by her supervisor was retaliatory. ID at 19. The administrative judge stated that, although she considered all the record evidence as it related to the appellant's suspension, she could not adjudicate her possible reprisal claims outside of her suspension in the instant appeal. *Id.* The appellant fails to provide a reason to disturb the administrative judge's finding. *See Crosby*, 74 M.S.P.R. at 105-06. The appellant's last example of her supervisor's retaliatory intent is based on statements he made during a TIGTA interview that he did not feel supported by management and had considered stepping down after the appellant's settlement agreement was revoked. *See* IAF, Tab 7, Subtab 4c at 1253-54. The appellant does not prove that the administrative judge improperly discounted the supervisor's statements when they were part of the record. *See Marques*, 22 M.S.P.R. at 132.

¶22      The appellant also alleges that the proposing official demonstrated retaliatory intent by increasing the proposed penalty from a 5-day suspension to a

30-day suspension without justification. PFR File, Tab 1 at 21-22, Tab 5 at 12. The administrative judge considered the appellant's argument and found credible the proposing official's explanations for the increase in penalty, namely, that he relied on the advice of Labor Relations regarding both proposed suspensions, sought advice from General Legal Services regarding the 30-day suspension, and reviewed the ROI before proposing the 30-day suspension. ID at 24-25, 28-29; *see* HT at 178-82, 193-95. Moreover, the proposing official based the proposed 30-day suspension on an additional charge of making false statements in matters of official interest that was not considered in the alternative discipline notice. IAF, Tab 1 at 12-20, Tab 7, Subtab 4m. The fact that the proposing official proposed the 30-day suspension after the appellant rejected the agency's offer of alternative discipline, by itself, does not establish retaliation. *See Betz v. Department of Justice*, EEOC DOC 0120073557, 2009 WL 363135 at *8 (E.E.O.C. Jan. 30, 2009) (temporal proximity alone is not enough to establish that the agency's actions were the result of retaliation).

¶23　　　Finally, the appellant alleges that the deciding official had retaliatory intent because she was involved in the "unsuccessful" mediation of the appellant's 2007 EEO complaint. PFR File, Tab 1 at 22-23, Tab 5 at 12. The administrative judge found that the deciding official credibly testified that the appellant's prior EEO complaint had no influence on her decision to suspend the appellant for 15 days. ID at 29-30; *see* HT at 119-20. The administrative judge also held that "the appellant has produced no evidence that [the deciding official] retaliated because [the appellant] chose to revoke the agreement." ID at 29. For these reasons, we find that the appellant has not provided a reason to disturb the administrative judge's finding that she failed to prove her affirmative defense of retaliation based on her prior EEO activities. *See* ID at 31; *Crosby*, 74 M.S.P.R. at 105-06.

<u>The administrative judge correctly determined that the 15-day suspension promotes the efficiency of the service and does not exceed tolerable limits of reasonableness.</u>

¶24    In her petition for review, the appellant argues that the deciding official misapplied the *Douglas* factors[5] and the suspension was excessive under the circumstances. PFR File, Tab 1 at 26-27, Tab 5 at 15. The appellant does not dispute that the agency proved the existence of a nexus between the sustained misconduct and the efficiency of the service. Where, as here, all of the agency's charges have been sustained, the Board will review an agency-imposed penalty only to determine if the agency considered all of the relevant *Douglas* factors and exercised management discretion within tolerable limits of reasonableness. *Portner v. Department of Justice*, 119 M.S.P.R. 365, ¶ 10 (2013). In determining whether the selected penalty is reasonable, the Board gives due deference to the agency's discretion in exercising its managerial function of maintaining employee discipline and efficiency. *Id.* The Board will modify a penalty only when it finds that the agency failed to weigh the relevant factors or that the penalty the agency imposed clearly exceeded the bounds of reasonableness. *Id.* However, if the deciding official failed to appropriately consider the relevant factors, the Board need not defer to the agency's penalty determination. *Id.*

¶25    The administrative judge concluded that the appellant's 15-day suspension did not exceed the tolerable limits of reasonableness and sustained the agency's action. ID at 34-35. The appellant contends on review that the administrative judge failed to address her argument that the deciding official improperly applied the agency's penalty guidelines. PFR File, Tab 1 at 26-27, Tab 5 at 15; *see* IAF, Tab 32 at 32-35. We modify the initial decision to supplement the administrative judge's penalty analysis regarding the deciding official's consideration of the penalty guidelines. The deciding official testified that she considered the penalty

---

[5] In *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305-06 (1981), the Board articulated a nonexhaustive list of 12 factors that are relevant in assessing the penalty to be imposed for an act of misconduct.

guidelines when making her decision. HT at 110-12, 165-67. Specifically, she testified that she considered the following charges and penalties within the IRS Guide to Penalty Determinations: (1) category B under disclosure of taxpayer information, records, and taxpayer privacy violations; (2) category A under false or misleading statements; and (3) category A under misuse/abuse/loss or damage to government property. HT at 110-12, 165-67; *see* IAF, Tab 7, Subtab 4r at 17, 21, 25. Based on the deciding official's testimony and the penalty guidelines, we find that the appellant failed to prove that the deciding official inappropriately followed the penalty guidelines.[6]

¶26     We further modify the initial decision to supplement the administrative judge's penalty analysis regarding the deciding official's consideration of alternative sanctions. The deciding official testified that she considered, among other things, the appellant's written reply to the proposed 30-day suspension. HT at 77. The appellant argued in her written reply that the proposed 30-day suspension was unreasonable because "[m]anagement originally proposed a five day suspension based on the same alleged misconduct" and "[n]o new additional information was received to justify an enhanced penalty." IAF, Tab 7, Subtab 4i at 5. The deciding official further testified that she was aware of the proposing official's initial offer of alternative discipline in lieu of a 5-day suspension, HT at 147, and a copy of the alternative discipline notice was included in the appellant's written reply, IAF, Tab 7, Subtab 4i at 83-84. Based on the deciding official's testimony and the appellant's written reply to the proposed 30-day suspension, we find that the deciding official properly considered alternative sanctions, including

---

[6] To the extent that the appellant argued that a different version of the penalty guidelines should have applied, she failed to provide a copy of the different version and no such version exists in the record. *See* IAF, Tab 32 at 33-34. Even assuming, as the appellant claims, that the recommended penalties for a first offense of making false statements were changed to anything from a written reprimand up to a 20-day suspension, such a range of penalties is consistent with the appellant's 15-day suspension. *See id.*

the lesser penalty of a 5-day suspension initially contemplated by the proposing official. *See* IAF, Tab 7, Subtab 4g (deciding official's checklist); *see also* HT at 114. Additionally, we find the 15-day suspension to be a reasonable penalty because it was based on the additional charge of making false statements in matters of official interest, which was not cited in the alternative discipline notice. IAF, Tab 1 at 12-20, 26-28, Tab 7, Subtab 4m. We also defer to the administrative judge's finding that the proposing official's explanations for the increase in penalty were credible. *See supra* ¶¶ 12-14, 22; *see also* ID at 24-25, 28-29.

¶27 The appellant further argues that her 15-day suspension is inconsistent with other lesser penalties that the agency has issued to similarly-situated employees. PFR File, Tab 1 at 26-27, Tab 5 at 15; *see* ID at 25-27; IAF, Tab 32 at 43-45. To establish disparate penalties, the appellant must show that there is enough similarity between both the nature of the misconduct and the other factors to lead a reasonable person to conclude that the agency treated similarly-situated employees differently, but the Board will not have hard and fast rules regarding the outcome determinative nature of these factors. *Boucher v. U.S. Postal Service*, 118 M.S.P.R. 640, ¶ 20 (2012) (citing *Lewis v. Department of Veterans Affairs*, 113 M.S.P.R. 657, ¶ 15 (2010)). An appellant's initial showing of disparate penalties triggers an agency's burden to prove a legitimate reason for the difference in treatment between the appellant and other employees. *Boucher*, 118 M.S.P.R. 640, ¶ 24.

¶28 Specifically, the appellant alleges that the deciding official and the administrative judge improperly discounted her evidence of comparators by requiring that any comparator be charged with the same three charges as the appellant. PFR File, Tab 1 at 26, Tab 5 at 15; *see* ID at 27. The deciding official testified that she consulted with Labor Relations to find similarly-situated employees but did not find any valid comparators. HT at 109-10, 128-42. The

administrative judge considered the appellant's evidence of 17 personnel alerts.[7] ID at 25-27; *see* IAF, Tab 27 at 18-37. The administrative judge's finding that the employees in the alerts were not similarly situated to the appellant because of the number of their charges was not improper. *See Reid*, 118 M.S.P.R. 396, ¶¶ 22-23 (proffered comparators were not similarly situated for purposes of establishing a disparate penalties claim where the administrative judge sustained three charges against the appellant, and the appellant alleged that the comparators' misconduct was similar as to only one charge). A reasoned comparison of the totality of the circumstances surrounding the misconduct engaged in by the 17 alleged comparators, versus the totality of the circumstances surrounding the appellant's misconduct, does not show that the misconduct engaged in by the comparator employees was as serious as, or more serious than, the misconduct engaged in by the appellant. *See Portner*, 119 M.S.P.R. 365, ¶ 21. For these reasons, we find that the appellant's 17 proffered comparators were not similarly situated to her and that she failed to prove her disparate penalties claim.

¶29    Under the circumstances of this case, we find that the deciding official properly weighed the relevant *Douglas* factors and that the 15-day suspension did not exceed the tolerable limits of reasonableness.

The appellant has failed to prove that the administrative judge was biased or abused her discretion.

¶30    To the extent the appellant believes that the administrative judge was biased in favor of the agency, we disagree. PFR File, Tab 1 at 4-5, 13-18, Tab 5 at 4-9.

---

[7] The administrative judge analyzed the appellant's proffered comparators in the context of her EEO retaliation claim. *See* ID at 25-27. The standard for determining whether employees are similarly-situated for purposes of an EEO retaliation claim, however, differs from the standard for determining whether they are similarly-situated for purposes of a disparate penalties claim. *See Lewis*, 113 M.S.P.R. 657, ¶ 15 n.5; *see also Hooper v. Department of the Interior*, 120 M.S.P.R. 658, ¶ 8 (2014). Nonetheless, applying the standard in *Lewis* and *Boucher*, we reach the same conclusion that none of the proffered comparators were similarly situated.

The appellant generally alleges that the administrative judge's ruling evidenced bias because she "ignored" the appellant's evidence. PFR File, Tab 1 at 4-5, 13-18, Tab 5 at 4-9. She also alleges that improper ex parte communications occurred between the agency representative and the administrative judge, which indicate favoritism. PFR File, Tab 1 at 14 n.2. The appellant has not proven that any improper ex parte communications occurred, nor did she timely raise this issue below through procedures set forth in the Board's regulations. *See* 5 C.F.R. § 1201.42(b). Moreover, the agency representative declared under penalty of perjury that the merits of the case were not discussed during the alleged event. *See* PFR File, Tab 4 at 10 n.2. We find these broad allegations of bias insufficient to overcome the presumption of honesty and integrity that accompanies administrative adjudicators. *See Oliver v. Department of Transportation*, 1 M.S.P.R. 382, 386 (1980).

¶31      Additionally, the appellant alleges that the administrative judge improperly interrupted the appellant's examination of her supervisor during the hearing. PFR File, Tab 1 at 13-15; *see* HT at 214-16, 236-37. She further argues that the administrative judge erroneously thought that her supervisor could not retaliate against the appellant because he was not the proposing or deciding official. PFR File, Tab 1 at 13; *see* HT at 214-15. Although the administrative judge expressed doubt as to the relevance of the supervisor's retaliatory motive, an administrative judge has wide discretion to control the proceedings, including the authority to exclude testimony she believes would be irrelevant, immaterial, or unduly repetitious. *Sanders v. Social Security Administration*, 114 M.S.P.R. 487, ¶ 10 (2010); *see* 5 C.F.R. § 1201.41(b)(6), (10). The administrative judge allowed the appellant to present evidence and to examine the supervisor regarding all relevant issues, including her affirmative defense of retaliation. *See* HT at 207-39, 258-62. Thus, the appellant has not shown any abuse of discretion by the administrative judge.

¶32     In conclusion, we find no reason to disturb the administrative judge's findings that the agency proved all three charges, demonstrated a nexus between the misconduct and the efficiency of the service, and imposed a penalty within the tolerable limits of reasonableness.[8] *See Crosby*, 74 M.S.P.R. at 105-06.

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request further review of this final decision.

Discrimination Claims:  Administrative Review

You may request review of this final decision on your discrimination claims by the Equal Employment Opportunity Commission (EEOC).  *See* Title 5 of the United States Code, section 7702(b)(1) (5 U.S.C. § 7702(b)(1)).  If you submit your request by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit your request via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, NE
Suite 5SW12G
Washington, D.C. 20507

You should send your request to EEOC no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with EEOC no

---

[8] The appellant requests a ruling on the Board's jurisdiction over the 5-day suspension contemplated in the alternative discipline notice.  PFR File, Tab 1 at 27, Tab 5 at 16; *see* IAF, Tab 32 at 49, 51-57.  Under chapter 75, a proposed or effected 5-day suspension is not appealable to the Board; thus, we lack jurisdiction to consider that action. *See* 5 U.S.C. §§ 7512, 7513(d); 5 C.F.R. §§ 752.405(a), 1201.3(a)(1).

later than 30 calendar days after receipt by your representative. If you choose to file, be very careful to file on time.

Discrimination and Other Claims: Judicial Action

If you do not request EEOC to review this final decision on your discrimination claims, you may file a civil action against the agency on both your discrimination claims and your other claims in an appropriate United States district court. *See* 5 U.S.C. § 7703(b)(2). You must file your civil action with the district court no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with the district court no later than 30 calendar days after receipt by your representative. If you choose to file, be very careful to file on time. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e5(f) and 29 U.S.C. § 794a.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems

Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.